May it please the Court, my name is Wayne Young. I represent Mr. Reeves in this case. And the issue here is whether the failure to explicitly put the factual basis for the guilty plea on the record at the change of plea is plain error. It is undisputed that the factual basis was never explicitly put on the record. Two things usually happen in a change of plea. The judge asks the government what it can prove. It didn't happen in this case. And the court asks the defendant to state in his own words, what did you do? And that didn't happen in this case. Well, I think that's the issue here, Judge. And the argument is it is required, if not by Rule 11, then by the Fifth Amendment. A plea has to be knowing, voluntary, and intelligent. And if it is never explicitly stated what the facts are that support the guilty plea, it's not an intelligent plea. Counsel, what's your best case authority for the proposition that the defendant must state in his own words the factual basis for the plea? It would be a combination of Jimenez, in which the Court sat on, and Pina. In Jimenez, there's a sentence in the opinion by Judge Thomas that it's constitutionally required that it establish that the defendant is acting voluntarily with an understanding of the charges which have been leveled at him and upon a factual basis which supports his conviction. That's subject to harmless error review. It's subject to harmless error review. But then in Pina, the other case, more recently, the Court held that as to the nature of the charge element, which is what I'm arguing is that the factual basis is really part of the nature of the charge. Not only do you have the legal elements, you must have the factual basis which establishes it. And the Court in Pina said that merely referring to the plea agreement, which was what was done in this case, is not sufficient to satisfy the nature of the charge, and the Court found it was plain error. What case says that the inquiry by the Court as to factual basis must be asked of the defendant himself and placed on the record itself at the time of the plea? What case says that? There is no specific case that says that. It has never been, I don't think, specifically addressed in this Court, nor decided. Well, the Courts have said that, indeed, you don't have to do that at all, haven't they? Well, Courts have said that under 11F that it is sufficient for the Court, in terms of satisfying itself before imposing judgment, it is sufficient for the Court to look at the pre-sentence report or the plea agreement. All right. So that sounds like it says what I just said. Now, which part of Rule 11 says that the Court must put the factual basis on the record at the time of the plea? My argument is that Rule 11 states that you must put the nature of the charges on the record. That's not this case, is it? Because the nature of the charges were on the record, were they not? The nature of the charges, the elements of the charges were. My argument is that, at least implicit in the nature of the charges, you must have the facts which support it. It makes no sense from this side of the courtroom to lay out the elements of the charge and then not put the factual basis. It's the combination, and there are cases, several of them, that seem to look at those two things jointly. The nature of the charges. In this case, although the judge didn't recite it into the record or have somebody recite the words into the record, the judge did say, the facts are set forth in a certain part of the plea agreement. Right, Defendant? Right. You can read. You can read those, can you? You have read them. Yes, I have. Are those facts accurate? Isn't this the same thing? Didn't he say exceedingly so? He did, Your Honor. So here the Defendant says, I can read, and I've got a piece of paper, and it says these are the facts, and I consider them accurate. And you're saying that somehow his constitutional rights or his procedural rights have been violated because who knows what the facts really were? Or who knows if he understands facts or whether he can read? The question is whether Rule 11 and or the Fifth Amendment requires that you explicitly put that factual basis on the record at the change of plea and not simply refer back to other documents. And that's the argument. That's the argument. I understand. Thank you. And with any other questions, I'll submit it. Thank you, counsel. May it please the Court. My name is Ellen Lindsey. I'm an assistant United States attorney in Los Angeles, and I handled this case in the trial court as well as here. Your Honor, I think the question is, first, is there error, and second, if there is error, if it is a reversible error. And I think, as Judge Fernandez recognized, the rule, Rule 11, does divide the different kinds of advisements that must be given and bases that must be established for a guilty plea. And the rule recognizes that there are certain rights that must be recited. The rule says itself the court must address the defendant in open court and must have a colloquy with the defendant regarding these particular rights, such as the nature of the charges, consequences of the plea, whereas the factual basis is something that the court must simply satisfy itself exists. In this case, as Judge Fernandez recognized, the court had before it the plea agreement with a very explicit set of facts, referred the defendant to that specific area, the defendant acknowledged that he was reading along with the court, and in his words said the facts were very accurate. So the government would argue that there is, in fact, no error. If there are no further questions, the government will submit it. Thank you, counsel. The case disargued will be submitted.
judges: Reinhardt, Fernandez, Rawlinson